No. 14-1016

_____

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
_____

CHRISTOPHER M. COVERT; THOMAS E. HAWORTH; CAROL J. HAWORTH; KIFLE AYELE; DWAN L. BROWN,

Plaintiffs –Appellants,

v.

LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES LIMITED PARTNERSHIP; SHERMAN ORIGINATOR LLC,

Defendants – Appellees.

Appeal from the U.S. District Court for the District of Maryland

_____

## BRIEF OF APPELLANTS
_____

Lawrence P. Block
Janet M. Nesse
STINSON LEONARD STREET LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
(202) 785-9100

Laura J. Margulies
LAURA MARGULIES &
  ASSOCIATES, LLC
6205 Executive Blvd.
Rockville, MD 20852
(301) 816-1600

ATTORNEYS FOR APPELLANTS

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................2

STATEMENT OF THE CASE.................................................................3

SUMMARY OF ARGUMENT ................................................................5

ARGUMENT ....................................................................................6

    I.   The standard of review applicable to the District Court's dismissal of
Debtors' claims is *de novo* review.......................................................6

    II.  Debtors have stated unjust enrichment claims against the Debt Buyers
under Maryland law. ........................................................................6

    III.   *Res judicata* does not bar Debtors' unjust enrichments claims. ..............9

      A.   Maryland law governs the claim-preclusive effect to be accorded the
allowance of uncontested Proofs of Claim in Debtors' Bankruptcy Cases. ....9

      B.   Under Maryland law, the allowances of LVNV's Proofs of Claim in
Debtors' Bankruptcy Cases have no preclusive effect because any
"judgments" based on those Proofs of Claim are void and therefore cannot
meet the requirement of a "valid" judgment....................................11

      C.   Under Maryland law, the allowance of LVNV's uncontested Proofs of
Claim in Debtors' Bankruptcy Cases has no preclusive effect because any
"judgment" based on those uncontested Proofs of Claim cannot meet the
requirement of a "final" judgment. ................................................13

      D.   Under Maryland law, the allowance of LVNV's uncontested Proofs of
Claim in Debtors' Bankruptcy Cases has no preclusive effect on Debtors'
claims because Debtors could not have asserted claims "to recover money"
in their objections to the Proofs of Claim or in the proceedings to confirm
their Chapter 13 plans and therefore the claims are not identical. ................15

    IV.   Debtors have stated claims against Debt Buyers under the FDCPA,
MCDCA and MCPA.......................................................................20

    V.  Debtors have stated claims against Debt Buyers in Counts V and VI that
are independent of the Debtors' other claims because Debtors' objections to the
Proofs of Claim and their claim for compensation do not depend on whether
Debtors are entitled damages on those other claims..........................26

STATEMENT REGARDING ORAL ARGUMENT .............................................29

CONCLUSION ...................................................................................29

i

# TABLE OF AUTHORITIES

## Cases

*B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225 (B.A.P. 9th Cir. 2008) ................................................................................ 20-21 n.7

*Bradshaw v. Hilco Receivables, LLC,* 765 F.Supp.2d 719 (D. Md. 2011)..........7,22

*Cassidy v. Bd. of Educ.*, 316 Md. 50, 557 A.2d 227 (1989) ................................11

*Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir. 1995)........................................18

*Compliance Marine, Inc. v. Campbell (In re Merritt Dredging Co.)*, 839 F.2d 203 (4th Cir. 1988) .......................................................................10,12

*County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290 (4th Cir. 1987).......................................................................................... 13,14-15

*Esslinger v. Baltimore City*, 95 Md. App. 607, 622 A.2d 774 (Md. Ct. Spec. App. 1993).....................................................11,13-14,16-17,19

*Finch v. LVNV Funding LLC,* 212 Md. App. 748, 71 A.3d 193 (Md. Ct. Spec. App. 2013)............................................... 7,9,11,12,19 n.6,22,29

*First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310 (4th Cir. 1996) ................. 14 n.2,16 n.5

*Greenhouse v. MCG Capital Corp.*, 392 F.3d 650 (4th Cir. 2004) ........................6

*Hamilton v. Lanning,* 560 U.S. 505, 130 S. Ct. 2464 (2010) ......................... 25-26

*Harman v. First Am. Bank of Md. (In re Jeffrey Bigelow Design Grp., Inc.)*, 956 F.2d 479 (4th Cir. 1992)...................................................................19

*Hill v. Cross Country Settlements, LLC,* 402 Md. 281, 936 A.2d 343 (2007) ........7

*Humes v. LVNV Funding, LLC (In re Humes)*, 496 B.R. 557 (Bankr. E.D. Ark. 2013)...............................................................................23

*In re Sammon*, 253 B.R. 672 (Bankr. D.S.C. 2000) .............................................24

*In re Nev. Equip. Wholesalers, Inc.*, 187 F.3d 648 (9th Cir. 1999).......................24

*Jenkins v. Genesis Fin. Solutions, LLC (In re Jenkins),* 456 B.R. 236 (Bankr. E.D.N.C. 2011) ......................................................... 24-25 n.9

*Johnson v. Zimmer*, 686 F.3d 224 (4th Cir. 2012)...............................................6,21

*Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, 684 F.3d 462 (4th Cir. 2012) ...............................................................8

*Kline v. Mortg. Elec. Sec. Sys.*, 659 F.Supp. 2d 940 (S.D. Ohio 2009)................24

*McMillen v. Syndicated Office Sys., Inc.*, 440 B.R. 907 (Bankr. N.D. Ga. 2010).............................................................................25

*Morales v. Trans World Airlines*, 504 U.S. 374 (1992) .......................................24

*Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218 (4th Cir. 1999).........19 n.6

*Nat'l Coal. for Students v. Allen,* 152 F.3d 283 (4th Cir. 1998)...........................22

*Newport News Shipbuilding & Dry Dock Co. v. Brown*, 376 F.3d 245 (4th Cir. 2004).................................................................................21

*Perrin v. United States,* 444 U.S. 37, 100 S.Ct. 311 (1979)........................... 21-22

DB04/1002020.0002/10200188.3

*Q Int'l Courier Inc. v. Smoak,* 441 F.3d 214 (4th Cir. 2006) ............. 6,10,14,17-18

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004)...................................21 n.7

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843 (1997)............................21

*Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497,
    121 S.Ct. (2001) ..................................................................... 9-10,12,13

*Simmons v. Roundup Funding, LLC,* 622 F.3d 93 (2d Cir. 2010)..................20 n.7

*Simon v. FIA Card Servs., N.A.*, 732 F.3d 259 (3d Cir. 2013) ........................21 n.7

*Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2007) ................ 8-9

*United States v. Lehman*, 225 F.3d 426 (4th Cir. 2000) ................................. 21-22

*United States v. Murphy,* 35 F.3d 143 (4th Cir. 1994) .........................................21

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002) .....................20 n.7

**Statutes**

11 U.S.C. § 362(a)(6)...............................................................................23

11 U.S.C. § 362(k) ....................................................................................24

11 U.S.C. § 502(a) ...................................................................................15

11 U.S.C. § 502(b) ...................................................................................23

11 U.S.C. § 502(j) ....................................................................................15

11 U.S.C. § 704(a)(1)................................................................................25

11 U.S.C. § 1306(b) .................................................................................25

11 U.S.C. § 1321 ......................................................................................25

11 U.S.C. § 1322(a)(1)..............................................................................25

11 U.S.C. § 1328(a) .................................................................................25

15 U.S.C. § 1692k(d).................................................................................1

28 U.S.C. § 157(b)(1)(B)............................................................................27

28 U.S.C. § 157(d) ...................................................................................26

28 U.S.C. § 1291 ........................................................................................2

28 U.S.C. § 1331 ........................................................................................1

28 U.S.C. § 1334 ........................................................................................1

28 U.S.C. § 1337 ........................................................................................1

28 U.S.C. § 1367 ........................................................................................1

Article III, United States Constitution ........................................................1

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692
    et seq.......................................................................... 1,3,5,6,20-27

Maryland Collection Agency Licensing Act ("MCALA"),
    Md. Code Ann., Bus. Reg. §§ 7-301(a), 7-401(b)................................12

Maryland Consumer Debt Collection Act ("MCDCA"),
    Md. Code Ann.,Com. Law, §§ 14-201, et seq. ..................... 3,5,6,20,22-24,26,27

Maryland Consumer Protection Act ("MCPA"),
    Md. Code Ann., Com. Law §§ 13-101 – 13-501 .................. 3,5,6,20,22-24,26,27

iii

United States Bankruptcy Code, Title 11, U.S.C.. ....................... 1,20,21,23-26,28

**Other Authorities**

*Merriam-Webster*'s *Collegiate Dictionary* 225 (10th ed. 1995) ....................22,26

**Rules**

Fed. R. Bankr. P. ...............................................................................21
Fed. R. Bankr. P. 2016 ......................................................................27
Fed. R. Bankr. P. 3002 ......................................................................24
Fed. R. Bankr. P. 3007 ......................................................................15
Fed. R. Bankr. P. 7001 ......................................................................18
Fed. R. Bankr. P. 7001(2) ............................................................18,19
Fed. R. Bankr. P. 7126 ......................................................................25
Fed. R. Bankr. P. 9024 ..............................................................2,19,28
Fed. R. Civ. P. 9(b) ..............................................................................8
Fed. R. Civ. P. 12(b)(6) .....................................................................6,8
Fed. R. Civ. P. 60 ..............................................................................19
Fed. R. Civ. P. 60(d) .........................................................................19
Local Rule 402 ...................................................................................27

**Treatises**

*Restatement (Second) Judgments* § 13.............................................15
*Restatement (Second) Judgments* § 19.............................................15

DB04/1002020.0002/10200188.3

## JURISDICTIONAL STATEMENT

This appeal is from the Order (JA 111; DE 25), filed December 9, 2013, dismissing the action that Appellants Christopher M. Covert, Thomas E. Haworth, Carol J. Haworth, Kifle Ayele, and Dwan L. Brown (collectively, "Debtors") commenced against Appellees LVNV Funding, LLC ("LVNV"), Resurgent Capital Services Limited Partnership ("Resurgent") and Sherman Originator LLC ("Sherman") (collectively, "Debt Buyers") in the United States District Court for the District of Maryland ("District Court").  The District Court had subject matter jurisdiction over the action under 28 U.S.C. § 1334 in that Debtors' claims against Debt Buyers in the action arise in and relate to bankruptcy cases under Title 11, under 15 U.S.C. § 1692k(d) in that this action is to enforce liabilities created by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and has been brought within one year from the date on which a violation of the FDCPA has occurred, and under 28 U.S.C. §§ 1331, 1337 in that the action arises under the laws of the United States, including an Act of Congress regulating commerce; and the District Court had supplemental jurisdiction for the remainder of Debtors' claims under State law under 28 U.S.C. § 1367 in that those State law claims are so related to claims in the action within the District Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

This Court has jurisdiction under 28 U.S.C. § 1291 in that this appeal is from a final decision of the District Court, which is a district court of the United States. This appeal is timely in that Debtors filed their Notice of Appeal (JA 112; DE 27) on January 6, 2014, within thirty days after the entry of the District Court's Order (JA 111; DE 25) on December 9, 2013. The District Court's Order (JA 111; DE 25) is a final order that disposes of all parties' claims.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Were Debtors' allegations that Sherman and LVNV acquired Debtors' debts and filed the proofs of claim, acting without the required Maryland collect agency license—a misdemeanor under Maryland law—sufficient to show "inequitable circumstances" to state claims for unjust enrichment under Maryland law?

2.      Does a *res judicata* defense based on the automatic allowances of Debtors' proofs of claim or the Bankruptcy Court's confirmations of their Chapter 13 plans preclude Debtors' unjust enrichment claims, even though (a) LVNV filed the proofs of claim without the required Maryland license, (b) the allowances were not final, (c) Debtors' could not have asserted unjust enrichment claims to recover money in proceedings on LVNV's proofs of claim, and (d) Bankruptcy Rule 9024 contemplates an "independent action to relieve a party from a judgment, order, or proceeding."

3.      Were Debtors' allegations that Sherman and LVNV acquired Debtors' debts, that LVNV filed proofs of claim based on those Debts and that Resurgent on behalf of LVNV received payments based on the proofs of claim sufficient to show "collection activity" to state claims for damages under the FDCPA, Maryland Consumer Debt Collection Act ("MCDCA") and Maryland Consumer Protection Act ("MCPA")?

4.      Did Debtors state objections to the proofs of claim and a claim for compensation for legal services and expenses independent of Debtors' claims for damages and, if so, should the District Court have continued its withdrawal of the objections and claim for compensation from the Bankruptcy Court even after dismissal of Debtors' claims for damages?

## STATEMENT OF THE CASE

**Relevant Facts.**  Without  a Maryland collection agency license ("Maryland License"), Sherman and LVNV acquired Debtors' debts already in default ("Debts"). (JA 12, 17, 18, 19, 20; DE 1 at 6, 11, 12, 13, 14.) Without a Maryland License, Sherman assigned to LVNV the Debts that Sherman had acquired. (JA 12, 17, 18, 19, 20; DE 1 at 6, 11, 12, 13, 14.)  Debtors filed Chapter 13 Plans in their respective bankruptcy cases ("Bankruptcy Cases") in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). JA 17, 19, 20; DE 1 at 11, 13, 14.  Without a Maryland License, LVNV, through its agent Resurgent, filed

3

proofs of claim ("Proofs of Claim") in the Bankruptcy Cases.  JA 16-17, 18, 19, 20; DE 1 at 10-11, 12, 13, 14. The Bankruptcy Court confirmed Debtors' Chapter 13 Plans.  JA 17, 19, 20; DE 1 at 11, 13, 14. LVNV, through its agent Resurgent, received payments based on the Proofs of Claim in each of the Bankruptcy Cases in the year before this action was commenced.  JA 17, 19, 20; DE 1 at 11, 13, 14.

**Relevant Procedural History.**   On March 5, 2013, Debtors filed the Complaint, commencing a putative class action against Debt Buyers in the District of Maryland. (JA 7; DE 1.)   On April 9, 2013, Debt Buyers filed Defendants' Motion to Dismiss Complaint, moving to dismiss Debtors' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).   (JA 58; DE 13.)   On December 9, 2013, the District Court filed its Memorandum Opinion stating its reasons for granting Debt Buyers' motion (JA 85; DE 24) and the Order granting the motion and dismissing Debtors' Complaint (JA 111; DE 25).   On January 6, 2014, Debtors filed their Notice of Appeal.  (JA 112; DE 27.)

**Rulings Presented for Review.**  The District Court held that *res judicata* bars Debtors' unjust enrichment claim. (JA 97; DE 24 at 13.)  The District Court also held that Debtors failed to state a claim for unjust enrichment because Debt Buyers "lawfully collected payments from the proofs of claim through the bankruptcy proceeding" and such payments "cannot be characterized as unjust." (JA 97; DE 24 at 13 n.10.)  The District Court held that Debtors failed to state

4

claims under the FDCPA, MCDCA, and MCPA because filing proofs of claim does not constitute "debt collection activity" (JA 103; DE 24 at 19) or "collection activity against a consumer debtor" (JA 105; DE 24 at 21).   The District Court dismissed Count V (stating Debtors' objections to the Proofs of Claim) and Count VI (claiming compensation for legal services and expenses), the remaining counts of the Complaint, because they were "not independent causes of action, but rather requests of relief."  (JA 108; DE 24 at 24.)

## SUMMARY OF ARGUMENT

Debtors have shown "inequitable circumstances" sufficient to state a claim for unjust enrichment under Maryland law, alleging Debt Buyers' unlawful conduct in acquiring the Debtors' Debts and filing Proofs of Claim without the required Maryland License. And *res judicata* does not preclude those unjust enrichment claims.  Any "judgment" based on Debt Buyers' unlawful filing of Proofs of Claim is "void," and the automatic allowance of those uncontested Proofs of Claim does not constitute a "final" judgment necessary for a *res judicata* defense. Unjust enrichment claims to recover money, moreover, could not have been asserted in proceedings on the allowance of the Proofs of Claim and therefore are not "identical" to the Proofs of Claim, as required for *res judicata*.

And the allegations of Debt Buyers' illegal conduct are also sufficient to state claims for relief under the FDCPA, MCDCA, and MCPA. Contrary to the

5

District Court's mistaken interpretations of the Bankruptcy Code, filing a proof of claim is an act to "collect" within the plain meaning of that word in the Code as well as in the FDCPA, MCDCA, and MCPA.

Finally, the District Court erred in dismissing Debtors' objections to the Proofs of Claim and their claim for compensation for legal services and expenses. Having withdrawn the objections and claim for compensation from the Bankruptcy Court, the District Court should have ruled on the objections and claim for compensation to serve the interests of expedient and uniform administration of claims and the conservation of judicial resources as well as the parties' resources.

## ARGUMENT

### I.    The standard of review applicable to the District Court's dismissal of Debtors' claims is *de novo* review.

The District Court's Order is subject to *de novo* review.  This Court reviews *de novo* a dismissal based on a *res judicata* defense, *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006), as well as a dismissal for failure to state a claim under Rule 12(b)(6), *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 (4th Cir. 2004).  A district court's statutory interpretations of the Bankruptcy Code are also reviewed *de novo*.  *Johnson v. Zimmer*, 686 F.3d 224, 227 (4th Cir. 2012).

### II.    Debtors have stated unjust enrichment claims against the Debt Buyers under Maryland law.

Under Maryland law, unjust enrichment claims consist of three elements:

1.    A benefit conferred upon the defendant by the plaintiff;

6

2.    An appreciation or knowledge by the defendant of the benefit; and

3.    The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*See Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295, 936 A.2d 343, 351 (2007). "Fault" is not a required element of an unjust enrichment claim under Maryland law. *Id.* at 297, 936 A.2d at 352. On the other hand, "misconduct or fault of one of the parties is sometimes considered in determining whether to permit recovery." *Id.* And both federal and state courts have concluded that an unlicensed creditor's use of legal proceedings to obtain payments on defaulted consumer debts violates Maryland state law. *See, e.g., Bradshaw v. Hilco Receivables, LLC,* 765 F.Supp.2d 719, 727 (D. Md. 2011); *Finch v. LVNV Funding LLC*, 212 Md. App. 748, 71 A.3d 193 (Md. Ct. Spec. App. 2013).

In this case, the District Court's dismissal of Debtors' unjust enrichment claims is contrary to Maryland law. The District Court concluded that Debtors could not make a showing of the third element of unjust enrichment, i.e., "inequitable circumstances," based on its finding that Debt Buyers "lawfully collected payments from the proofs of claim through the bankruptcy proceeding." (JA 97; DE 24 at 13 n.10.) But Maryland law does not require a showing of fault to state a claim of unjust enrichment, and, more importantly, the District Court's finding that Debt Buyers' conduct was "lawful" ignores the allegations in the

7

Complaint. Debtors alleged that Sherman and LVNV did not have the required Maryland License when they acquired the Debts already in default and that LVNV did not have the required Maryland License when it subsequently filed the Proofs of Claim. (JA 12; DE 1 at 6.) Debt Buyers' illegal activities constitute "such circumstances as to make it inequitable" for Debt Buyers to retain the benefit--the payments that they received in the Bankruptcy Court.[1]

The District Court's reliance on *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2007), to support its conclusion that the Debt Buyers' conduct was lawful is misplaced. As the District Court recognized (JA 97; DE 24 at 13 n.10), the unjust enrichment claim against the defendants in *Thompkins* was dismissed because the defendants had purchased the copyrights *in the bankruptcy court proceeding*. 476 F.3d at 1314. The court in *Thompkins* noted that the bankruptcy court had issued an order expressly approving the purchase. *Id.* at 1301-02. Here, in contrast, Debt Buyers, "[a]cting without a license, a misdemeanor under Maryland law," *Finch*, 212 Md.App. at 758, 71 A.3d at 199,

---

[1] Debtors also alleged facts in their Complaint sufficient to support the other elements of their claims for unjust enrichment. Debtors alleged Debt Buyers' receipts of payments in the Bankruptcy Court—the benefit conferred on Debt Buyers. (JA 17, 19, 20, 30; DE 1 at 11, 13, 14, 24.) As permitted under Fed. R. Civ. P. Rule 9(b), Debtors alleged generally that Debt Buyers "had knowledge" of the benefit. (JA 30; DE 1 at 24.) In deciding Debt Buyers' motion under Rule 12(b)(6), the District Court was required to accept these allegations as true and view them in the light most favorable to Debtors. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, 684 F.3d 462, 467 (4th Cir. 2012).

8

acquired the Debts in transactions entirely outside of the proceedings in the Bankruptcy Cases. The District Court never addressed whether Sherman and LVNV illegally acquired the Debts and therefore lacked valid interests in the Debts, merely finding that the Debt Buyers "lawfully collected payments." But it would be "inequitable" to permit the Debt Buyers, after they repeatedly violated Maryland law, to avoid unjust enrichment claims simply because they received benefits, i.e., the payments, in Bankruptcy Court proceedings. Debtors therefore have stated unjust enrichment claims under Maryland law.

### III.    *Res judicata* **does not bar Debtors' unjust enrichments claims.**

Neither the Debtors' unjust enrichment claims, nor any of their other claims, are barred by the doctrine of *res judicata*. The Proofs of Claim in the Bankruptcy Court did not result in any "judgments" that meet the requirements under Maryland law to preclude Debtors' claims in the District Court.

### A.    Maryland law governs the claim-preclusive effect to be accorded the allowance of uncontested Proofs of Claim in Debtors' Bankruptcy Cases.

In deciding whether Debtors' claims are barred by *res judicata*, the threshold issue is the choice of law that determines any claim-preclusive effect of the proceeding in the Bankruptcy Cases. In *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021 (2001), the United States Supreme Court settled the issue for determining claim-preclusion in diversity cases, adopting "the law that would be applied by state courts in the State in which

9

the federal diversity court sits." *See also Q Int'l Courier Inc.*, 441 F.3d at 218 (holding that the Virginia state law of res judicata, not federal law, was applicable). Consistent with *Semtek*, this Court has concluded that property interests created and defined by state law should be analyzed in bankruptcy cases using the same choice of law rules that are used in federal diversity cases. *See Compliance Marine, Inc. v. Campbell (In re Merritt Dredging Co.)*, 839 F.2d 203, 205-06 (4th Cir. 1988). The preclusive effect of bankruptcy court proceedings, where the underlying claims or interests are based on state law, should therefore be determined by the law that would be applied by state courts in the State in which the bankruptcy court sits.

Here, the claim preclusive effect of the automatic allowances of LVNV's Proofs of Claim must be determined under the law of Maryland, the State in which the Bankruptcy Court in Debtors' Bankruptcy Cases sits, because the Debt Buyers' interests in the Debts underlying their Proofs of Claim are created and defined by state laws. Under Maryland law, the requirements for claim preclusion under the *res judicata* doctrine are:

> 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute, 2) that the claim presented in the current action is identical to the one determined in the prior adjudication, and 3) that there was a valid final judgment on the merits.

*Esslinger v. Baltimore City*, 95 Md. App. 607, 616-17**,** 622 A.2d 774, 779 (Md. Ct. Spec. App. 1993) (*citing Cassidy v. Bd. of Educ.,* 316 Md. 50, 57, 557 A.2d 227 (1989)).  Any "judgments" arising from LVNV's Proofs of Claim cannot satisfy those requirements to bar Debtors' unjust enrichment claims.

>    **B.**    **Under Maryland law, the allowances of LVNV's Proofs of Claim in Debtors' Bankruptcy Cases have no preclusive effect because any "judgments" based on those Proofs of Claim are void and therefore cannot meet the requirement of a "valid" judgment.**

The initial issue in deciding the preclusive effect of any allowances of the Proofs of Claim in Debtors' Bankruptcy Cases is whether any judgment based on those Proofs of Claim would be "valid."  And the invalidity of any "judgments" based on LVNV's Proofs of Claim in the Debtors' Bankruptcy Cases is mandated by *Finch v. LVNV Funding LLC*, 212 Md. App. 748, 71 A.3d 193 (Md. Ct. Spec. App. 2013), a recent Maryland appellate court decision.

Faced with similar illegal conduct by LVNV, the Maryland appellate court concluded that LVNV's state court judgments against debtors in *Finch* were void and therefore had no preclusive effect.  In *Finch*, LVNV, without the required Maryland License, filed lawsuits to collect debts and obtained default judgments against the debtors.  After default judgments were entered against the debtors, the debtors filed a complaint alleging unjust enrichment and Maryland statutory claims based on LVNV's unlawful activities as an unlicensed collection agency.  *Id*. at 752-53, 71 A.3d at 195.  A Maryland circuit court dismissed the debtors' claims in

11

*Finch* as an impermissible collateral attack on the default judgments, but the Maryland appellate court reversed. *Id*. at 769, 71 A.3d at 205. The Maryland appellate court concluded that the default judgments were void based on Maryland statutory provisions that "require collection agencies to be licensed in order to file collection actions in court, and impose criminal penalties for parties that engage in unlicensed collection activities." *Id*. at 761, 71 A.3d at 200 (citing Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. §§ 7–301(a), 7-401(b)). The court also held that "parties may collaterally attack a void judgment in another court." *Id*. at 769, 71 A.3d at 205.

In this case, the District Court dismissed Debtors' unjust enrichment claims, concluding that the proceedings on LVNV's Proofs of Claim in the Bankruptcy Cases had a preclusive effect. But LVNV filed those Proofs of Claim without the required Maryland License and, under Maryland law, any resulting judgment is void and entitled to no preclusive effect under principles of *res judicata*.

Application of Maryland law in this instance avoids the divergent results that the rules established in the *Semtek* and *Merritt Dredging* decisions are intended to avoid. The validity of judgments obtained by unlicensed debt buyers and collectors should not depend on whether those judgments were entered in a state court, in a federal court sitting in diversity or in federal bankruptcy court. The State of Maryland has strong interests in the application of its law, as evidenced by the

criminal penalties for debt buyers and collectors that engage in unlicensed activities.    No conflicting federal interests are incompatible with Maryland's to justify the application of federal law. *See Semtek*, 531 U.S. at 508, 121 S.Ct. 1021. Indeed, any federal interest in protecting allowances of LVNV's Proofs of Claim from collateral attack is particularly weak, when it is "doubtful" that the automatic allowance of an uncontested proof of claim is a "final" judgments under *res judicata* principles.    *See County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987) (discussed below).    This Court therefore should apply Maryland law, under which "judgments" based on those Proofs of Claim are void.

**C.    Under Maryland law, the allowance of LVNV's uncontested Proofs of Claim in Debtors' Bankruptcy Cases has no preclusive effect because any "judgment" based on those uncontested Proofs of Claim cannot meet the requirement of a "final" judgment.**

Even if this Court were to decide, contrary to Maryland law, that the automatic allowances of LVNV's uncontested Proofs of Claim constitute "valid judgments," those "judgments" are not "final" for *res judicata* purposes, nor did the confirmation of Chapter 13 plans make them "final," as the District Court concluded.    (JA 95; DE 24 at 11.)    Under Maryland law, a judgment must not only be valid but must be "final" to satisfy the requirements for claim preclusion under the *res judicata* doctrine. *E.g., Esslinger*, 95 Md. App. at 616-17**,** 622 A.2d at

13

779.[2]  While Maryland law determines the requirements for claim preclusion, an analysis of bankruptcy law procedures must inform any decision about whether the allowances of the uncontested Proofs of Claim constitute "final judgments."  *See Q Int'l Courier*, 441 F.3d at 219 (state law may look to the federal procedures to determine the preclusive effect of a federal court judgment). Such an analysis supports the conclusion that the automatic allowances of LVNV's uncontested Proofs of Claim are not "final judgments."

This Court conducted such an analysis in *County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290 (4th Cir. 1987).  There, the creditor had filed a proof of claim in the debtor's bankruptcy case and the debtor did not object.  When the debtor later asserted a related state law claim against the same creditor, the creditor moved for dismissal on the grounds of *res judicata*.  In rejecting that affirmative defense,[3] the Court explained why an allowance of an uncontested proof of claim does not constitute a final judgment:

---

[2] Federal law also requires that a "judgment" be "final" to be accorded preclusive effect.  *See First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996); *County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987).

[3] In *County Fuel*, this Court relied on the debtor's extensive conduct in the bankruptcy proceedings to support its conclusion that a waiver defense precluded debtor's state law claim.  832 F.2d at 293.  But even such extensive conduct, not present in Debtors' Bankruptcy Cases, was insufficient to support creditor's res judicata defense in *County Fuel*.  *Id.* at 292.

14

> [I]t is doubtful that the "automatic allowance" under 11 U.S.C. § 502(a) of a claim not objected to constitutes a "final judgment" of the type that gives rise to "bar" or "claim preclusion" under strict res judicata principles. *See Restatement (Second) Judgments* §§ 13, 19, comment *a.* Under relevant bankruptcy law, objections may be made and allowed after automatic allowance of a claim, *see* Advisory Committee Note to Bankruptcy Rule 3007, and indeed a claim allowed by order may be later disallowed upon reconsideration. 11 U.S.C. § 502(j). Additionally, the "automatic allowance" provided by § 502(a) was not "final" for purposes of appellate review, another test, though not decisive, of its "finality" for res judicata purposes. *See Restatement (Second) Judgments* § 13, comment *b.*

*Id.* at 292. The automatic allowance of LVNV's Proofs of Claim therefore does not support the Debt Buyers' *res judicata* defense.[4]

**D.    Under Maryland law, the allowance of LVNV's uncontested Proofs of Claim in Debtors' Bankruptcy Cases has no preclusive effect on Debtors' claims because Debtors could not have asserted claims "to recover money" in their objections to the Proofs of Claim or in the proceedings to confirm their Chapter 13 plans and therefore the claims are not identical.**

Under Maryland law, even if a judgment is "valid" and "final," the judgment does not have preclusive effect unless the claim sought to be barred "is identical to

---

[4] Similarly, the confirmation of Debtors' Chapter 13 plans did not make LVNV's Proofs of Claim "final" judgments. In the Bankruptcy Court, Chapter 13 plan confirmation hearings are held before the claims bar deadline. Therefore, the Bankruptcy Court contemplates that, if a proof of claim is filed after a debtor's plan is confirmed, the proof of claim is still accepted as a valid claim, with the understanding that if the proof of claim is defective in any manner, it is subject to challenge by the debtor and the Chapter 13 Trustee. The lack of finality from the confirmation of a Chapter 13 Plan also supports the conclusion that automatic allowances of LVNV's Proofs of Claim in the Debtors' bankruptcy cases, even when combined with the confirmation of the Chapter 13 Plans, do not rise to the level a "final" judgment. For this additional reason, the *res judicata* doctrine does not bar Debtors' unjust enrichment claims.

15

the one determined in the prior adjudication."  *Esslinger*, 95 Md. App. at 616-17, 622 A.2d at 779.[5]  The District Court concluded that this requirement was met, reasoning that Debtors' "unjust enrichment claim constitutes a collateral attack on the Bankruptcy Court's confirmation of the Chapter 13 plans because [Debtors] essentially object to [Debt Buyers'] collection on the debts approved during the bankruptcy proceedings" and that Debtors "could have objected to the proofs of claim [Debt Buyers] filed in the bankruptcy cases." (JA 96; DE 24 at 12.) But Debtors have filed their claims, including their unjust enrichment claims, for the very reason that they would not have been able to recover money for the payments made to the Debt Buyers simply by objecting to LVNV's Proofs of Claim.  For *res judicata* purposes, therefore, Debtors' unjust enrichment claims cannot be considered identical to the adjudication of LVNV's Proofs of Claim.

*Esslinger v. Baltimore City*, a Maryland appellate court decision, is instructive on the "identical" claims requirement for a *res judicata* defense.   In *Esslinger*, the plaintiff homeowner repeatedly applied to a city zoning board for a permit for a satellite dish and the state circuit court upheld the board's decisions when his applications were denied.  95 Md.App. at 610-13, 622 A.2d at 776-77. When the homeowner appealed the circuit court's decision, the Maryland appellate

---

[5] The same requirement for preclusive effect applies under federal law.  *See In re Varat Enters.*, 81 F.3d at 1315 (*res judicata* requires that "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding").

16

court remanded for entry of judgment for the City based on *res judicata*. *Id.* at 613, 622 A.2d at 777. The homeowner filed another lawsuit against the City, but in his new complaint the homeowner sought not only declaratory and injunctive relief but also compensatory and punitive damages for alleged violations of his constitutional rights. The circuit court granted the City's motion to dismiss based on a *res judicata* defense, and the homeowner appealed again. *Id.* at 614, 622 A.2d at 777-78. The Maryland appellate court concluded that the homeowner would not have been able to amend his administrative appeal from a zoning board decision in order to add a claim for money damages against the Zoning Board and various government officials. *Id.* at 624, 622 A.2d at 783. For that reason, the Maryland appellate court decided that "although [the homeowner's] claims for injunctive and declaratory relief are barred by *res judicata*, his claims for damages are not barred by *res judicata* since the latter could not have been asserted in the circuit court action reviewing the initial zoning case." *Id.*

Even though Maryland law establishes the "identical claim" requirement, as with the "final judgment" requirement, an analysis of bankruptcy procedures is relevant to whether Debtors' unjust enrichment claim is "identical" to Debt Buyers' Proofs of Claim. *See Q Int'l Courier*, 441 F.3d at 219 (4th Cir. 2006) (state law may look to federal law on whether the claims in the second action would have been considered compulsory counterclaims in the first action so as to preclude

DB04/1002020.0002/10200188.3

claims in second action). This Court conducted such an analysis in *Cen-Pen Corp.
v. Hanson*, 58 F.3d 89 (4th Cir. 1995). The debtors in that case argued that the
creditor's failure to object to the Chapter 13 plan in their bankruptcy proceedings
precluded the creditor's subsequent complaint to determine the creditor's liens on
their residence. *Id*. at 91-92. This Court rejected the debtors' argument, noting that
"Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding
'to determine the validity, priority, or extent of a lien or other interest in property'"
*Id.* at 93. The Court then concluded: "Because confirmation of a Chapter 13 plan
is *res judicata* only as to issues that can be raised in the less formal procedures for
contested matters, confirmation generally cannot have preclusive effect as to the
validity of a lien, which must be resolved in an adversary proceeding." *Id*. (citation
omitted). Consequently, when Bankruptcy Rule 7001 requires an adversary
proceeding to assert a particular claim, the confirmation of a Chapter 13 plan does
not preclude the filing of that claim after the Chapter 13 confirmation.

In this case, contrary to the District Court's assertion (JA 96; DE 24 at 12),
Debtors are not merely objecting to LVNV's Proofs of Claim. Upon learning of the
Maryland administrative proceedings against the Debt Buyer for engaging in
"unlicensed collection activities" (JA 11; DE 1 at 5), Debtors could have sought
leave to file objections to LVNV's Proofs of Claim, but by that time the Debt
Buyers had already received payments in the Debtors' Bankruptcy Cases. (JA 17,

18

19-20; DE 1 at 11, 13-14.) Instead, Debtors asserted claims for damages, including unjust enrichment claims, to recover money from the Debt Buyers.  Just as Bankruptcy Rule 7001(2) requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," Rule 7001(1) expressly requires an adversary proceeding "to recover money or property."  *See Harman v. First Am. Bank of Md.* (*In re Jeffrey Bigelow Design Grp, Inc.*), 956 F.2d 479, 482 n.1 (4th Cir. 1992) ("A proceeding to recover money is an adversary proceeding.").  And just as the homeowner in *Esslinger* could not have asserted claims for damages in his appeal of a zoning board decision, Debtors could not have asserted unjust enrichment claims to recover payments in proceedings to allow or disallow LVNV's Proofs of Claim.  For this additional reason, *res judicata* does not bar Debtors' unjust enrichment claims.[6]

---

[6] The District did not address Bankruptcy Rule 9024 in dismissing Debtors' unjust enrichment claim.  Fed. R. Civ. P. 60, which is applicable in bankruptcy cases pursuant to Bankruptcy Rule 9024, authorizes courts to grant relief from such final judgments and orders.  And Rule 60(d) expressly contemplates "an independent action to relieve a party from a judgment, order, or proceeding." Courts have consistently held that such an independent action for relief may be heard by a court other than the court in which the judgment or order was filed, as long as an independent jurisdictional basis exists.  *See, e.g., Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir. 1999).  Even if there were "final" judgments on the Proofs of Claim, an independent action is appropriate in this case where a similar judgment entered in state court would be void.  *See Finch v. LVNV Funding, LLC*, 212 Md. App. 748, 71 A.3d 193 (2013) (discussed above).  For this additional reason, the District Court erred in dismissing Debtors' unjust enrichment claims as barred by *res judicata*.

19

## IV. Debtors have stated claims against Debt Buyers under the FDCPA, MCDCA and MCPA.

In addition to the unjust enrichment claims in their Complaint, Debtors asserted claims against the Debt Buyers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and two Maryland state statutes, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, et seq., and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101–13-501.   (JA 21-29; DE 1 at 15-23.) Debtors alleged that Debt Buyers violated provisions of each of those statutes by acquiring the Debtors' Debts without the required Maryland License and then filing Proofs of Claim based on the Debts, again without the required Maryland License, and subsequently receiving payments based on the Proofs of Claim.  (*See, e.g.,* JA 21-23, 25-26, 28; DE 1 at 15-17, 19-20, 22.) The District Court dismissed Debtors' claims based on its conclusion that filing proofs of claim in bankruptcy cases does not constitute "debt collection activity" within the meaning of the FDCPA, the two Maryland statutes and the Bankruptcy Code.  (JA 108; DE 24 at 24.)[7]  But the

---

[7] Although Debt Buyers argued that the Bankruptcy Code preempted Debtors' claims, the District Court chose not to address that issue because it concluded that a proof of claim, even if unlawful, does not constitute "collection activity" under the FDCPA or Maryland statutes.  (JA 106; DE 24 at 22.)  Federal appellate courts have reached conflicting conclusions about whether and when the Bankruptcy Code precludes FDCPA claims.  *Compare Simmons v. Roundup Funding, LLC,* 622 F.3d 93 (2d Cir. 2010), *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), *and B–Real, LLC v. Chaussee (In re Chaussee),* 399 B.R. 225 (B.A.P.

20

District Court erred in failing to analyze the plain meaning of the language in those statutes. The dismissal of Debtors' statutory claims therefore should be reversed.

This Court has recognized that in analyzing the meaning of a statute, the beginning point is the statute's language. *Johnson v. Zimmer*, 686 F.3d 224, 232 (4th Cir. 2012). "Where statutory language is 'facially clear and "within the constitutional authority of [Congress], the sole function of this [C]ourt[] is to enforce it according to its terms."'" *Id.* (*quoting United States v. Murphy,* 35 F.3d 143, 145 (4th Cir.1994). In determining whether statutory language is plain, this Court has considered "'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Newport News Shipbuilding & Dry Dock Co. v. Brown,* 376 F.3d 245, 248 (4th Cir. 2004) (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341, 117 S. Ct. 843 (1997)). Words that are not defined in the relevant statute are typically "'interpreted as taking their ordinary, contemporary, common meaning.'" *United States v. Lehman,* 225 F.3d 426, 428 (4th Cir. 2000) (quoting *Perrin v. United States,* 444 U.S. 37,

---

9th Cir. 2008) (holding that FDCPA claims were precluded by the Bankruptcy Code), *with Simon v. FIA Card Servs., N.A.*, 732 F.3d 259 (3d Cir. 2013)*, and Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir. 2004) (holding FDCPA claims not precluded). The better reasoned approach is the one taken by the Seventh Circuit and followed by the Third Circuit in *Simon v. FIA Card Services, N.A.*, 732 F.3d at 273-74, where the Third Circuit concluded that the "proper inquiry is whether the FDCPA claim raises a direct conflict between the Code or Rules and the FDCPA, or whether both can be enforced."

DB04/1002020.0002/10200188.3

42, 100 S.Ct. 311 (1979)). This Court "customarily turn[s] to dictionaries for help in determining whether a word in a statute has a plain or common meaning." *Nat'l Coal. for Students v. Allen,* 152 F.3d 283, 289 (4th Cir. 1998).

In this case, the District Court focused on the words "collect" and "collection," which appear in the FDCPA, the MCDCA, MCPA and the Bankruptcy Code. Although those words are not defined in any of those statutes, their meaning is plain. Among the definitions of "collect" in *Merriam-Webster* is "to claim as due and receive payment." *Merriam-Webster*, http://www.merriam-webster.com/dictionary/collect (last visited Mar. 2, 2014); *Merriam Webster's Collegiate Dictionary* 225 (10th ed. 1995). Giving that statutory language its plain meaning, "collect" and "collection" aptly describe LVNV's conduct in filing Proofs of Claim and its subsequent receipt of payments in Debtors' Bankruptcy Cases.[8] Indeed, the District Court recognized that debt collectors are engaged in "collection activity" when they file lawsuits against debtors seeking payments of debts. JA 102-03; DE 24 at 18-19 n.13 (distinguishing *Bradshaw v. Hilco Receivables, LLC* and *Finch v. LVNV Funding LLC* as not involving proofs of claim).

---

[8] The District Court's own language in describing Debt Buyers' conduct evidences the plain meaning of the statutory language.  (JA 95; DE 24 at 11 ("[T]he unjust enrichment claim stems from [Debt Buyers'] payment *collections* based on the proofs of claim . . . ."), JA 96; DE 24 at 12 ("[Debtors] essentially object to [Debt Buyers'] *collection* on the debts . . . ."), JA 97; DE 24 at 13 n.10 ("[Debt Buyers] lawfully *collected* payments from the proofs of claim . . . ."), JA 99; DE 24 at 15 ("[Debt Buyers] filed proofs of claim and subsequently *collected* payments").)

22

But the District Court did not look to the statutory language of the FDCPA, the MCDCA or the MCPA to analyze the meaning of "collect." Instead, the District Court misinterpreted Bankruptcy Code provisions as excluding proofs of claim from the meaning of "collect" in the FDCPA, the MCDCA and MCPA. The District Court adopted the following interpretation of the Bankruptcy Code's automatic stay provision of the Bankruptcy Code that it mistakenly believed to be at odds with a proof of claim being considered an "act to collect" under that provision:

> If filing a proof of claim constituted a 'collection' activity [under the FDCPA], then filing proofs of claim under § 502(b) would be fundamentally at odds with language in § 362(a)(6) providing that the filing of a petition 'operates as a stay, applicable to all entities, of . . . any act to *collect*, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

(JA 104-05; DE 24 at 20-21 (quoting *Humes v. LVNV Funding, L.L.C. (In re Humes)*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013) (second alteration in original) (internal quotation marks omitted)).) But that misinterpretation of the automatic stay provision ignores well-established precedent addressing the structure of the Bankruptcy Code.

As courts have recognized, a proof of claim is outside the scope of the Bankruptcy Code's automatic stay--not because a proof of claim falls outside of the meaning of the language "act to collect" in 11 U.S.C. § 362(a)(6), but because the automatic stay "'does not operate against the court with jurisdiction over the

23

bankruptcy.'" *See In re Sammon*, 253 B.R. 672, 680-81 (Bankr. D.S.C. 2000) (collecting authority); *accord In re Nev. Equip. Wholesalers, Inc.*, 187 F.3d 648, (9th Cir. 1999). The structure of the Bankruptcy Code and Rules supports that conclusion. By filing a proof of claim, a creditor represents that the indicated amount is due to him and that he is entitled to receive it. Filing a proof of claim is therefore an attempt to "collect" within the plain meaning of that word. The reason that filing a proof of claim comports with the automatic stay is that a proof of claim is an "act to collect" that a creditor is authorized to take by Bankruptcy Rule 3002, and the specific authorization for the filing of proofs of claim in bankruptcy court must be understood to take priority over the general prohibition of the automatic stay provision. *See Morales v. Trans World Airlines*, 504 U.S. 374, 385 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general."). Indeed, the remedies under the FDCPA, the MCDCA and the MCPA should be available to debtors in bankruptcy court cases for the very reason that the express remedy for violation of the automatic stay, 11 U.S.C. § 362(k), does not protect such debtors from unlawful proofs of claim. *See Kline v. Mortg. Elec. Sec. Sys.*, 659 F. Supp. 2d 940, 950-51 (S.D. Ohio 2009).[9]

---

[9] Even a court that was reluctant to allow bankruptcy debtors to assert FDCPA claims had to concede that those debtors lack protection from the very type of conduct that is at issue in this case. *Jenkins v. Genesis Fin. Solutions, LLC (In re Jenkins)*, 456 B.R. 236, 241 (Bankr. E.D.N.C. 2011) ("The court is sympathetic to debtors who, when careless debt buyers or collection agencies file claims that are

24

The District Court also mischaracterized Bankruptcy Code provisions governing proofs of claim, particularly in the context of Chapter 13 cases, in adopting the reasoning that a proof of claim is not an activity against a debtor:

> [F]iling a proof of claim in bankruptcy cannot be the basis for an FDCPA claim, because it is not an activity against a consumer debtor. The FDCPA is designed to regulate debt collection activities against unsophisticated consumers.  To constitute a debt collection activity under the FDCPA, the activity must be asserted against a consumer. The filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control.  It is not an effort to collect debt from the debtor, who enjoys the protections of the automatic stay.

(JA 105-06; DE 1 at 21-22 (quoting *McMillen v. Syndicated Office Sys., Inc.*, 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010) (internal quotation marks omitted)).)  But the "consumer debtors" in Chapter 13 cases pay their creditors, as the United States Supreme Court has recognized:

> Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, see §§ 704(a)(1), 7126, *Chapter 13 debtors are permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income*, see §§ 1306(b), 1321, 1322(a)(1), 1328(a).

---

stale, inadequately reviewed, or otherwise flawed, find themselves in the position of having to take the avoidable step of objecting to a claim that should not have been filed in the first place.  The issue is a real one, the problem is widespread, and it burdens both debtors and the courts.").

*Hamilton v. Lanning,* 560 U.S. 505, 508, 130 S. Ct. 2464, 2468-69 (2010) (emphasis added).[10]   And when Chapter 13 debtors pay their creditors based on proofs of claim, those creditors "collect" within the plain meaning of that word as defined in *Merriam-Webster* (i.e., "to claim as due and receive payment").   This Court therefore should reject the argument that creditors do not "collect" debts when they file proofs of claim and obtain payments from Chapter 13 debtors and reverse the District Court's Order dismissing Debtors' claims under the FDCPA, the MCDCA and MCPA.

**V.    Debtors have stated claims against Debt Buyers in Counts V and VI that are independent of the Debtors' other claims because Debtors' objections to the Proofs of Claim and their claim for compensation do not depend on whether Debtors are entitled damages on those other claims.**

In Counts V and VI of their Complaint, Debtors joined their objections to Debt Buyers' Proofs of Claim (JA 31-33; DE 1 at 25-27) and a claim for compensation for legal services and expenses (JA 33-34; DE 1 at 27-28) to their claims under the FDCPA, the MCDCA and MCPA and for unjust enrichment. Such a joinder serves the interests of expedient and uniform administration of claims and conservation of judicial resources as well as the parties' resources.  And exercising its authority under 28 U.S.C. § 157(d), the District Court was correct to

---

[10] Even the District Court recognized that Chapter 13 debtors pay their creditors, stating:  "Under Chapter 13 of the Bankruptcy Code, the debtor remains in possession of the property and cures his or her indebtedness, under the supervision of the trustee, by making regular payments to creditors from his or her earnings through a court approved payment plan."  (JA 86; DE 24 at 2 n.2.)

26

withdraw from the Bankruptcy Court proceedings on all of Debtors' claims to the extent that they were deemed referred pursuant to Local Rule 402. But the District Court erred when it dismissed Count V and Count VI on the grounds that those counts "are not independent causes of action" (JA 108; DE 24 at 24), concluding that Debtors' objections to the Proofs of Claim are a "remedial request [that] depends upon [Debtors'] substantive causes of action alleging violations of the FDCPA, MCPA, and MCDCA, which . . . cannot proceed." (JA 109; DE 24 at 25). Debtors' stated objections to the Proofs of Claim that are independent from Debtors' claims for damages and therefore those objections should not be dismissed.[11]

By withdrawing Debtors' objections (in Count V) from the Bankruptcy Court, the District Court became the venue to "hear and determine" the "allowance or disallowance" of LVNV's Proofs of Claim, "core proceedings" under 28 U.S.C. § 157(b)(1)(B). As a result of the withdrawal, the District Court was required to determine whether Debtors had stated objections that supported "disallowance" of LVNV's Proofs of Claim. But the District Court failed to do so. For example, Debtors allege Sherman and LVNV did not have the required Maryland Licenses

---

[11] A claim for compensation of legal services must be stated in an application separate from an objection to a proof of claim, and the Debtors' claim for such compensation was stated in a separate count of their Complaint, Count VI (JA 33-34; DE 1 at 27-28). *See* Bankruptcy Rule 2016. Such a claim does not depend on Debtors' claims for damages in Counts I, II, III and IV.

from the State of Maryland when those Debt Buyers acquired and transferred Debtors' Debts already in default. (JA 11; DE 1 at 6.) And in their objections to the Proofs of Claim in Count V, Debtors allege that such "invalidity and illegality of Sherman's and LVNV's acquisition of [Debtors'] debts and the debts of the members of the Class . . . are bases for objections to each Proof of Claim filed by LVNV" in their bankruptcy cases." (JA 31-32; DE 1 at 25-26.) In failing to address the invalidity of LVNV's interest in the Debts underlying the Proofs of Claim, as alleged in this particular objection in Count V, the District Court therefore erred in dismissing Court V.[12]

Even if the District Court were warranted in dismissing Debtors' claims for damages, there would remain a compelling reason for the District Court, as opposed to the Bankruptcy Court, to "hear and determine" core proceedings on LVNV's Proofs of Claim. The uniformity of claims administration would be adversely affected absent the continued withdrawal of proceedings on the Proofs of Claim. The alternative--requiring Debtors, and hundreds or thousands of other debtors, to file objections or motions under Rule 9024 in their bankruptcy cases pending before different bankruptcy judges--could lead to conflicting results and unnecessarily burden judicial resources. For this additional reason, the Court

---

[12] Even the District Court's mistaken interpretations of the Bankruptcy Code cannot extend to Debt Buyers' acquisitions and transfers of the Debts that occurred outside of Bankruptcy Court proceedings.

28

should reverse the District Court's dismissal of Counts V and VI of the Complaint.[13]

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 34(a), Debtors state that oral argument should be heard in this appeal for the reason that this Court has not addressed and authoritatively decided certain issues presented for review. For example, as the District Court recognized (JA 102-03; DE 24 at 18-19), this Court has not yet addressed whether filing proofs of claim constitutes debt collection activity within the meaning of the FDCPA, the MCDCA and MCPA. In these circumstances, the decisional process would be significantly aided by oral argument.

## CONCLUSION

Debtors are asserting claims for relief against the Debt Buyers that the Maryland appellate court in *Finch* has already authorized other Maryland debtors to pursue in a state court lawsuit attacking state court judgments. And as a result of a settlement following Maryland administrative proceedings (JA 12-13; DE 1 at 5-6), other Maryland debtors have already obtained relief from Debt Buyers' illegal

---

[13] Even if this Court were to decide that continued withdrawal of proceedings on the Proofs of Claim is unwarranted, the Court should not affirm the District Court's dismissal of Count V and Count VI. Given that the District Court withdrew the reference in its Memorandum Opinion, the Court instead should remand to the District Court so that the District Court may issue an order that either (a) dismisses Count V and Count VI without prejudice to refiling in the Bankruptcy Court or (b) refers Count V and Count VI back to the Bankruptcy Court for hearing and determination.

29

collection activities. For the reasons stated above, the District Court erred in dismissing Debtors' claims and precluding Debtors from seeking similar relief. Debtors therefore request that this Court reverse the District Court's Order and remand Debtors' action to the District Court for further proceedings.

Respectfully submitted,

STINSON LEONARD STREET LLP

/s/ Lawrence P. Block
Lawrence P. Block
Janet M. Nesse
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
(202) 785-9100
lawrence.block@stinsonleonard.com
janet.nesse@stinsonleonard.com

and

LAURA MARGULIES & ASSOCIATES, LLC

Laura J. Margulies
6205 Executive Blvd.
Rockville, MD 20852
(301) 816-1600
laura@law-margulies.com

ATTORNEYS FOR APPELLANTS

30

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that, pursuant to Local Rules 25(a)(4) and 31(d), the foregoing Brief of Appellants with Addendum was served electronically upon the individual listed below, a registered CM/ECF user, on this 3rd day of March:

> Ronald S. Canter, Esquire
> The Law Offices of Ronald S. Canter, LLC
> 200A Monroe Street, Suite 104
> Rockville, Maryland 20850
> E-Mail:  rcanter@roncanterllc.com
>
> *Attorney for Appellees*

/s/ Lawrence P. Block
_____
Lawrence P. Block
*Attorney for Appellants*